IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LUCINDA SELF AVANT, ) | Civil Action No.: 4:11-822-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

**PROCEDURAL HISTORY**

The Plaintiff, Lucinda Self Avant, filed an application for DIB on January 5, 2007, alleging a disability onset date of September 13, 2004. Plaintiff requested a hearing before an administrative law judge (ALJ) after her claim was denied initially and on reconsideration. In a pre-hearing brief, Plaintiff amended her alleged onset date to August 15, 2005. (Tr. 450). A hearing was held on October 13, 2009, at which Plaintiff appeared with a representative and testified. The ALJ issued a decision on November 6, 2009, finding that Plaintiff was not disabled. As the Appeals Council

denied Plaintiff's subsequent request for review of the ALJ's decision, the ALJ's decision became the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g). See 20 C.F.R. § 404.981.

## FACTUAL BACKGROUND

The Plaintiff, Lucinda Self Avant, was born on May 20, 1958, and was 47 years old on the alleged onset date. Plaintiff has past relevant work as an administrative assistance in customer service. (Tr. 21).

## DISABILITY ANALYSIS

Both parties have set out a detailed medical history and hearing testimony in their briefs. Thus, the medical record and/or a summary of the hearing testimony will not be repeated herein.

The Plaintiff's arguments consist of the following, quoted verbatim:

(1) The Administrative Law Judge (ALJ) failed to apply the proper legal standard in disregarding the opinion of Plaintiff's primary treating physician that her residual functional capacity would preclude her from engaging in substantial gainful employment.

(2) The ALJ's decision is not supported by competent substantial evidence.

(Plaintiff's brief).

In his decision of November 6, 2009, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since August 15, 2005, the amended alleged onset date (20 CFR 404.1571 *et seq*).

3. The claimant has the following severe impairments: degenerative disc disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour workday, and stand and walk occasionally. Such a residual functional capacity is well supported by the weight of the evidence of record.

6. The claimant is capable of performing past relevant work as an administrative assistant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 13, 2004, through the date of this decision. (20 CFR 404.1520(f)).

(Tr. 15-21).

Under the Social Security Act (the Act), 42 U.S.C. § 405 (g), this court's scope of review of the Commissioner's final decision is limited to determining: (1) whether the decision of the Commissioner is supported by substantial evidence, and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S.

at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a. An ALJ must consider: (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5), pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must

be upheld if supported by substantial evidence and if proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if he can return to his past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423 (d)(5). He must make a prima facie showing of disability by showing he was unable to return to his past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the national economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

### PLAINTIFF'S SPECIFIC ARGUMENTS

**Treating physicians' opinions**

Plaintiff argues that the ALJ failed to properly assess the opinions of her treating physician, Dr. Michael Ambrose. Specifically, Plaintiff contends the ALJ gave limited weight to Dr. Ambrose's opinion based on the fact that he was a "family physician" and not a "specialist." (Tr. 5). Further, Plaintiff notes that there are no records from a specialist and there is no evidence of record from a treating or examining physician that is inconsistent with the opinion of Dr. Ambrose. Additionally,

Plaintiff argues the ALJ mischaracterized the evidence by stating that the results of her MRI revealed "mild" findings when the word "mild" was not in the findings. Plaintiff argues that the MRI reports support Dr. Ambrose's findings on clinical examination that she suffered from radicular back pain that limited her to the extent opined in his Attending Physician's Statement. Plaintiff argues that the ALJ's findings are self-contradicting for he stated that the claimant was noted to have some decreased sensation at L4-L5 but subsequently states that "No . . . sensation loss was reported." (Tr. 20). Plaintiff contends that the only opinion evidence from acceptable medical sources in the record that are inconsistent with the opinion of Dr. Ambrose, are the reports of the state medical consultants whose reviews were not based upon a complete case record.

The Defendant argues the ALJ reasonably evaluated the medical opinions of record. Additionally, Defendant asserts that Dr. Ambrose's April 2009 opinion regarding Plaintiff's functional limitations was not entitled to controlling weight because it was not well-supported by the clinical and diagnostic findings.

The opinion of a physician will be given controlling weight if it is supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d) (1997); Craig v. Chater, 76 F.3d 585, 589 (4th Cir.1996) (holding that although not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it.); Mitchell v. Schweiker, 699 F.2d 185 (4th Cir.1983) (holding a treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.").

If the ALJ determines that a treating physician's opinion should not be afforded controlling

weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6). Specifically, pursuant to 20 C.F.R. § 404.1527, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying the following five factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. 404.1527(d)(2) (i-ii) and (d)(3)-(5).

Furthermore, Ruling 96-2p requires that an ALJ give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p, 1996 WL 374188. As stated in Social Security Ruling 96-2p:

> A finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2006). Ultimately, it is the responsibility of the Commissioner, not the court, to review the case, make findings of fact, and resolve conflicts of evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). As noted above, however, the Court must not abdicate its duty to scrutinize the record as a whole to determine

whether the Commissioner's conclusions are rational. Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir.1974).

The ALJ concluded the following with regard to the evidence and opinions of Dr. Ambrose:

> Although it has been carefully considered, I have accorded limited weight to the opinion of Michael Ambrose, M.D., in regard to the claimant's functional limitations. In a physician's statement from April of 2009, Dr. Ambrose found that the claimant could lift 5 pounds occasionally to 1 pound frequently; sit, stand or walk no more than 1 hour during an 8 hour workday; and only occasionally perform activities requiring pushing, pulling, climbing, and balancing. Although Dr. Ambrose examined the claimant on multiple occasions he is a family practitioner and not a specialist. Moreover, his treatment records from October 2007 to August 2008 generally indicate normal findings upon physical examination aside from some limited range of motion noted in the claimant's back, which is inconsistent with the restrictions expressed in his physician's statement.

(Tr. 20).

A finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight. Moreover, the ALJ's decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96–2p, 1996 WL 374188, at *5.

In this case, the ALJ noted that he was according "limited weight" to the opinion of Dr. Ambrose. While the ALJ stated he was giving his opinions "limited" weight he did not comply with

8

the proper analysis under SSR 96-2p by explaining what weight he was giving Dr. Ambrose's opinions and specifying what contradictory evidence on which he was relying. Dr. Ambrose, Plaintiff's treating physician, submitted a physician's statement dated April 15, 2009, in which he found that Plaintiff could lift 5 pounds occasionally to 1 pound frequently, sit, stand or walk no more than 1 hour during an 8 hour workday; and only occasionally perform activities requiring pushing, pulling, climbing, and balancing. He further found that she should avoid dust, fumes, gases, extremes of temperature, humidity, and other environmental pollutants. (Tr. 417).

In the decision, the ALJ stated that the MRI findings were "relatively mild" which appears to be based on the ALJ's own interpretation of the MRI reports. An actual reading of the report from the MRI of the lumbar spine dated March 2, 2007, states an impression of "mild bulging of the disc at L3-4" and "bulging disc and right paramedian disc herniation." (Tr. 20, 332). Additionally, the ALJ stated that "[t]he most recent MRI dated August 2009 did not indicate any significant degenerative changes from the March 2007 MRI (exhibit 22F)" while an actual reading of the MRI report of the L-spine dated August 17, 2009, revealed the impression of "mild degenerative disk disease L3-4" and "central and rightward disk herniation at L5-S1 with extruded disk material behind S1 on the right." (Tr. 20, 418). Furthermore, the ALJ stated that Plaintiff was "noted to have some decreased sensation at L4-L5" but subsequently stated that "no motor strength or sensation loss was reported." (Tr. 20). Throughout Dr. Ambrose's office notes that are legible, he notes that Plaintiff has "radicular" pain, lumbar pain recurrent back pain, numbness and tingling sensations. (Tr. 420-447).[1] Furthermore, the ALJ reasoned that Dr. Ambrose is a "family practitioner and not a specialist,"

---

[1] Much of Dr. Ambrose's handwritten notes are not legible to the undersigned to evaluate whether or not substantial evidence supports the ALJ's decision.

but the ALJ did not cite to any evidence by a specialist or any other treating physician on which he relied. The ALJ did state that he was giving "some weight" to the opinions of the State Disability Determinations Services who "also found that the claimant was not disabled albeit using a different rationale" but did not state what those findings were or what weight he was assigning to the opinions of the non-examining state physicians. (Tr. 21).

In this case, the ALJ's decision was not sufficiently clear as to what weight was given to the opinions of Dr. Ambrose. Even if this court could infer that "limited weight" means some weight less than "controlling," it is still not sufficiently clear from the ALJ's report what weight, if any, was accorded to Dr. Ambrose's opinion with regard to Plaintiff's functional limitations. Without knowing specifically the weight accorded to the opinions of Dr. Ambrose, this court is unable to properly apply the substantial evidence test to the ALJ's decision to discredit, or possibly disregard entirely, Dr. Ambrose's opinions with regard to that Plaintiff's functional limitations.

Therefore, it is not possible for the Court to conduct a proper review of the record to determine if there was substantial evidence to support the unfavorable decision based on an improper analysis of the treating physicians' opinions with regard to Plaintiff being able to return to her past relevant work. Therefore, this case is remanded for the ALJ to reconsider the opinion of Dr. Ambrose in accordance with 20 C.F.R. §§ 404.1527(d)(2) (i-ii) and (d)(3)-(5) and Ruling 96-2. The requirement that an ALJ must give specific reasons for discounting a treating physician's testimony is well-established. The Agency has ruled that "the notice of the determination or decision . . . must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p. Once the ALJ conducts a proper analysis with respect to the treating physicians' opinions, he

should reassess Plaintiff's Residual Functional Capacity and credibility for a proper review. The undersigned cannot address any remaining issues until the ALJ conducts a proper analysis of the treating physician's opinions with regard to Plaintiff's physical limitations and her ability to return to her past relevant work. The court refrains from reviewing any further contentions at this time.

## CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, speculate on the barren record presented.

Accordingly, IT IS RECOMMENDED that the Commissioner's decision be REVERSED and that this matter be REMANDED TO THE COMMISSIONER PURSUANT TO SENTENCE FOUR for further proceedings in accordance with this opinion.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 9, 2012
Florence, South Carolina