**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| LUCINDA S. AVANT, | ) | |
| | ) | No. 4:11-cv-00822-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA). Plaintiff requests $4,814.00 in attorney's fees on the ground that she is a prevailing party under the EAJA. Defendant contests the awarding of such fees, asserting the government's position was substantially justified.

      The Administrative Law Judge (ALJ) issued a decision on November 6, 2009 denying plaintiff's application for disability benefits. On February 23, 2011, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision that of the Commissioner of Social Security. Plaintiff filed a complaint before this court on April 6, 2011, seeking review of the Commissioner's decision. The matter was referred to the magistrate judge, who found in a Report & Recommendation (R&R) that the Commissioner's decision should be reversed and remanded for further proceedings. No objections were filed to the R&R. On May 30, 2012, this court issued an order affirming the R&R, reversing the Commissioner's decision, and remanding for further proceedings.

Under the EAJA, a court shall award reasonable fees and expenses to a prevailing party in certain civil actions against the United States unless the government's position was substantially justified or special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Avant is considered the "prevailing party." See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

Here, the magistrate judge found, and the court agreed, that the ALJ "did not comply with the proper analysis under SSR 96-2p" when evaluating the opinions of Avant's treating physician, Dr. Michael Ambrose, and deciding to accord them "limited weight." R&R 8. The magistrate judge further found that he could not "address any remaining issues until the ALJ conducts a proper analysis of the treating physician's

opinions with regard to Plaintiff's physical limitations and her ability to return to her past relevant work." Id. at 11.

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658; see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). As noted by both the magistrate judge and Avant in her motion for attorney's fees, it is well established that an ALJ must give specific reasons for discounting a treating physician's opinion. R&R 10; Pl.'s Reply 2-3. The government now argues that the ALJ complied with applicable law by giving specific reasons for according Dr. Ambrose's opinions limited weight, Def.'s Resp. Opp. 3, but such argument has already been foreclosed by the magistrate judge's and this court's findings to the contrary. The ALJ's decision necessitated remand in this case, and the Commissioner's support of that decision was not substantially justified.

For these reasons, the court finds that the government has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that would render an award of attorney's fees unjust. Therefore, the court **GRANTS** plaintiff's motion and awards fees in the amount of $4,814.00.[1]

**AND IT IS SO ORDERED**.

---

[1] The award is based on a total of 29 attorney hours at a rate of $166.00 per hour. This is a reasonable request, and defendant does not object to the calculation of the fee. Defendant does correctly note that the EAJA requires attorney's fees to be awarded directly to the litigant rather than her attorney. See Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009). Therefore, the court grants attorney's fees to plaintiff in the amount of $4,814.00.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 5, 2013**
**Charleston, South Carolina**